## UNITED STATES v. IOZIA.

United States District Court
S. D. New York.
March 4, 1952.

Myles J. Lane, U. S. Atty., New York City, (Robert M. Reagan, Asst. U. S. Atty., New York City, of counsel), for United States.

Louis Bender, New York City (Arthur Karger, New York City, of counsel), for defendant.

SUGARMAN, District Judge.

Defendant moves to dismiss an indictment in three counts. The first count charges that, as President of the Housatonic Dyeing and Printing Co., Inc., he filed a false and fraudulent excess profits tax return for the fiscal year ending August 31, 1943. The second charges that, as President of said corporation, he filed a false and fraudulent corporation tax return for the fiscal year ending August 31, 1945. The third charges that he individually filed a false and fraudulent income tax return for the calendar year 1945.

The United States filed a bill of particulars alleging the sources of unreported income to be, as to the first two counts, receipts by the corporation from the sale of "remnants" to D. Brody Co., and, as to the third count, a dividend in the amount of $18,477.98, computed against the defendant upon his interest as a shareholder of the corporation in the moneys realized by it from the sale of the "remnants" to D. Brody Co.

Defendant contends that all counts of this indictment fail to state facts sufficient to constitute an offense against the United States.

This motion presents the question whether proceeds of sales of stolen or embezzled property, in the hands of the vendor thereof, constitute "income" within the meaning of the Internal Revenue Code.

Housatonic Dyeing and Printing Co., Inc. was engaged in the business of printing and dyeing fabrics belonging to its customers. It had custody of the fabrics as bailee, for only the limited time required to accomplish the printing and dyeing and was required to return the fabrics to the owners after processing was completed.

For purposes of this motion, defendant admits and urges that instead of returning the fabrics intact, Housatonic retained certain portions of the goods without the consent of the owners and appropriated these pieces to its own use, by selling them to D. Brody Co.

Relying on Commissioner of Internal Revenue v. Wilcox, 327 U.S. 404, 66 S.Ct. 546, 549, 90 L.Ed. 752, defendant contends that, because the purloining of these retained fabrics by Housatonic was criminal, the sale of these goods by it did not result in "income" taxable to the vendor, because the vendor had no claim of right to the goods and there was an unconditional obligation on its part to return them to the true owners.

Section 22(a) of the Internal Revenue Code, 26 U.S.C.A. § 22(a), defines "Gross Income" to include

"* * * gains, profits, and income derived from * * * dealings in property * * * growing out of the ownership or use of or interest in such property; also from * * * the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever. * * *"

*Prima facie*, therefore, the proceeds of a sale of stolen goods are "gains, profits, and income derived from * * * dealings in property * * *".

·The rule laid down in the Wilcox case is of no avail to the defendant in attacking this indictment. There, it was held that the *initial* acquisition of embezzled *funds* is not income "derived from any source whatever" § 22(a) I.R.C., because

"* * * a taxable gain is conditioned upon (1) the presence of a claim of right to the alleged gain and (2) the absence of a definite, unconditional obligation to repay or return that which would otherwise constitute a gain."

In the case at bar, the facts do not present embezzled funds. They involve the proceeds "derived from * * * dealings in property * * * growing out of the * * * use of * * * such property * * *." This presents a situation fully distinguishable from that presented by the Wilcox case.

This defendant is not charged with failure to report as income the value of the unlawfully obtained property as of the time it was appropriated by Housatonic. He is charged with concealing the receipt by Housatonic from D. Brody Co. of the *purchase price* of the stolen fabrics. As between Housatonic and Brody, Housatonic received the purchase price of the fabrics under a claim of right as vendor of the goods, and without any definite, unconditional obligation on Housatonic's part to return that consideration to Brody. This is so, even though Housatonic may have been required to account for the purchase price, as a trustee *ex maleficio,* to the true owners.

The indictment is sufficient and accordingly the motion to dismiss is denied.